1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ulysses D. RICHARD, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Fresno, CA 93888, Defendant-Appellee.
 No. 93-15296.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 3, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ulysses D. Richard appeals pro se the district court's summary judgment for the Internal Revenue Service ("IRS") in Richard's action seeking a ruling that a prior decision of the United States Tax Court regarding his income tax liabilities is unenforceable. The district court found that summary judgment was proper because Richard's action was barred by the doctrine of res judicata. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand with instructions.
 
 
 3
 The IRS argues that the district court lacked subject-matter jurisdiction to grant the relief sought by Richard. We agree. The existence of subject-matter jurisdiction is a question of law which we review de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 4
 In his complaint Richard alleges that although he has no current basis to appeal a 1986 tax court decision enforcing a tax deficiency and addition to tax against him, the decision should nonetheless be declared void and unenforceable.[1] 28 U.S.C. Sec. 2201, however, specifically bars the district court from granting the relief Richard seeks. That section provides the district court with jurisdiction over cases seeking declaratory relief except those seeking such relief "with respect to Federal taxes." 28 U.S.C. Sec. 2201; Hughes v. United States, 953 F.2d 531, 536-37 (9th Cir.1992).
 
 
 5
 To the extent Richard seeks an injunction to prevent the collection of his tax liabilities, the district court also is without jurisdiction to grant such relief. The Anti-Injunction Act provides that, with certain exceptions inapplicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. Sec. 7421(a); Hughes, 953 F.2d at 535. Thus, because the district court lacked jurisdiction over Richard's claims, we vacate the district court's summary judgment for the IRS, and remand for entry of an order dismissing Richard's action for lack of jurisdiction.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In 1986, Richard litigated his 1982 tax liability in tax court. The tax court ruled against Richard and Richard did not appeal this decision. Instead, on September 26, 1988, Richard filed an action in district court alleging harassment by the IRS stemming from the 1986 tax court decision and seeking $1 million in damages. In that action, the district court determined that Richard's claims were barred by the res judicata effect of the tax court's decision. Richard's untimely appeal from the district court's decision was dismissed by this court for lack of jurisdiction. The present action, filed on October 19, 1992, again challenges the 1986 tax court decision